UNITED STATES

v.

**Airman Scott P. FAGG, FR414–47–3344 United States Air Force.**

**ACM 29129.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Dec. 1990.

Decided 6 Aug. 1991.

Appellate Counsel for the Appellant: Captain Beverly B. Knott (argued), Lieutenant Colonel Jeffrey R. Owens, and Major G. Michael Lennon.

Appellate Counsel for the United States: Colonel William T. Hoffman (argued), Colonel William R. Dugan, Jr., and Major Paul H. Blackwell, Jr.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

RIVES, Judge:

 Today we recognize a constitutional zone of privacy for heterosexual, noncommercial, private acts of oral sex between consenting adults. Since that right to privacy is not outweighed by any compelling governmental interest under the facts of this case, we reverse the appellant's sodomy conviction.

The appellant, Airman Scott P. Fagg, was 18 years old when he engaged in sexual acts with young women he was dating. Facing court-martial charges for some of those acts, he pleaded guilty to carnal knowledge with a 14–year–old and sodomy with a 16–year–old. He elected trial by military judge alone at his general court-martial. His adjudged and approved sentence is a bad conduct discharge, confinement for 7 months, and reduction to E–1.

Airman Fagg admitted engaging in oral sex (both cunnilingus and fellatio) on numerous occasions with his 16–year–old girl-friend, who is treated as an adult for these purposes under military law. Article 125, 10 U.S.C. § 925 proscribes "unnatural carnal copulation with another person of the same or opposite sex." The article's broad statutory language prohibits all sodomy, whether consensual or forcible, private or public, heterosexual or homosexual. The Manual for Courts–Martial finds particular aggravation for sentencing when the act is "done with a child under the age of 16" or when it is done "by force and without the consent of the other person." MCM, Part IV, paragraph 51b(2) and (3) (1984); *see also* MCM, Part IV, paragraph 51e (1984) (providing increased punishments when such aggravation is proven).

The Article 125 prohibition of "unnatural carnal copulation" has withstood attacks that it is unconstitutionally vague. *United States v. Scoby*, 5 M.J. 160 (C.M.A.1978). The term "unnatural carnal copulation" has been defined to include both fellatio and cunnilingus. *United States v. Harris*, 8 M.J. 52 (C.M.A.1979). At issue in this case is whether a private, consensual, heterosexual, adult act of oral sodomy can be prosecuted as a violation of Article 125.

The appellant urges that applying Article 125 to his fact situation violates his constitutional right to privacy. Although the Constitution does not mention any specific "right to privacy," it was noted long ago that the framers of the Constitution "sought to protect Americans in their beliefs, their thoughts, their emotions, and their sensations. *They conferred, as against the government, the right to be let alone—the most comprehensive of rights and the right most valued by civilized man.*" *Olmstead v. United States*, 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting) (emphasis added).

A fundamental, constitutional right to privacy was expressly recognized in *Griswold v. Connecticut*, 381 U.S. 479, 485, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510 (1965), when the Court held that a state could not constitutionally regulate the distribution of contraceptives to married couples. The Court reasoned that a "zone of privacy" is

implicitly included among the rights that were enumerated in the Constitution. *Id.* at 484, 48 S.Ct. at 574–75.

The right to privacy was extended to unmarried persons in *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), when the Court ruled that a statute regulating distribution of contraceptives to single adults was unconstitutional. The Court observed: "If the right of privacy means anything, it is the right of the *individual,* married or single, to be free from unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child." *Id.* at 453, 92 S.Ct. at 1038.

■ Privacy rights are not limited to matters of procreative choice. Predating *Eisenstadt* is *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), which holds that an individual's right to view obscene material in the privacy of the home cannot be regulated by the state. Thus, the Court has recognized a right of privacy, whether within or outside a marital relationship, that extends into the area of sexual intimacy.

The Supreme Court has noted that "the outer limits" of the right to privacy "have not been marked." *Carey v. Population Services International,* 431 U.S. 678, 684, 97 S.Ct. 2010, 2016, 52 L.Ed.2d 675 (1977). It has been determined, however, that the right to privacy does not protect an accused charged with homosexual sodomy. *Bowers v. Hardwick,* 478 U.S. 186, 190, 196, 106 S.Ct. 2841, 2846–47, 92 L.Ed.2d 140 (1986). While the statute at issue in *Bowers* (like Article 125) prohibits all acts of sodomy, the Court carefully limited its ruling: "We express no opinion on the constitutionality of the ... statute as applied to other acts of sodomy." *Id.* at 188 n. 2, 106 S.Ct. at 2842 n. 2. Addressing this point in his dissent, Justice Stevens stated it was clear to him that a state "may not prohibit sodomy within 'the sacred precincts of marital bedrooms,' *Griswold,* 381 U.S., at 485 [85 S.Ct. at 1682], or, indeed, between unmarried heterosexual adults. *Eisenstadt,* 405 U.S., at 453 [92 S.Ct. at 1038]." *Bowers,* 478 U.S. at 218, 106 S.Ct. at 2858.

■ When a fundamental personal liberty (such as the right to privacy) is involved, that right is subject to regulation only insofar as the intrusion is necessary to promote a "compelling state interest." *See, e.g., Roe v. Wade,* 410 U.S. 113, 155, 93 S.Ct. 705, 728, 35 L.Ed.2d 147 (1973); *Griswold,* 381 U.S. at 497–98, 85 S.Ct. at 1688–89 (Goldberg, J., concurring).

Military law has long recognized that the "wholly private moral conduct of an individual" cannot be regulated. *United States v. Snyder,* 1 U.S.C.M.A. 423, 427, 4 C.M.R. 15, 19 (1952). An individual's right to engage in certain sexual activities, however, is not without limits. Thus, while fornication per se is not a crime under the UCMJ, *United States v. Burns,* 25 C.M.R. 791, 794 (A.F.B.R.1957), *pet. denied,* 25 C.M.R. 486 (1958), aggravating circumstances can provide the state with a compelling interest to justify a prosecution (e.g., for adultery) where the underlying act is fornication. *See United States v. Parrillo,* 31 M.J. 886 (A.F.C.M.R.1990) (aggravation provided by an officer-enlisted, supervisor-subordinate duty relationship), *pet. granted,* 33 M.J. 161 (C.M.A.1991).

Appellate courts have sustained convictions under Article 125 where the government's interest in prosecuting is clear; for example: the acts were not private, *United States v. Scoby,* 5 M.J. 160, 164 (C.M.A.1978); *United States v. Linnear,* 16 M.J. 628 (A.F.C.M.R.1983), *pet. denied,* 17 M.J. 277 (C.M.A.1983); the acts were nonconsensual, *United States v. Womack,* 29 M.J. 88 (C.M.A.1989); *United States v. Rogan,* 19 M.J. 646 (A.F.C.M.R.1984); *United States v. Means,* 20 M.J. 522 (A.C.M.R.1985), *affirmed,* 24 M.J. 160 (C.M.A.1987); *United States v. Jones,* 14 M.J. 1008, 1009 (A.C.M.R.1982); a minor was involved, *United States v. Romey,* 32 M.J. 180 (C.M.A.1991); *United States v. Williams,* 25 M.J. 854 (A.F.C.M.R.1988); the acts were incestuous, *United States v. Ciulla,* 29 M.J. 868 (A.F.C.M.R.1989); or duty relationships/need for military disci-

pline were shown, *United States v. Wilson*, 28 M.J. 48 (C.M.A.1989); *United States v. Hardy*, 30 M.J. 757 (A.C.M.R.1990); *United States v. McFarlin*, 19 M.J. 790 (A.C.M.R.1985).

We note that while sodomy was illegal in all 50 states in 1960, by 1986 only half continued to criminalize acts of sodomy occurring "in private and between consenting adults." *Bowers*, 478 U.S. at 193–94, 106 S.Ct. at 2845–46; *see generally* Annotation, *Validity of Statute Making Sodomy a Criminal Offense*, 20 A.L.R.4th 1009 (1983). The appellant's acts took place primarily in a private (off-base) home near Altus Air Force Base, Oklahoma. Of some interest is the fact that Oklahoma courts have interpreted the Federal Constitution to convey a right of privacy that would preclude this appellant's prosecution in State court. *See Hinkle v. State*, 771 P.2d 232, 233 (Okl.Crim.App.1989); *Post v. State*, 715 P.2d 1105 (Okl.Crim.App.1986), *cert. denied*, 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986).

■ Analyzing the facts of this case, we find a fundamental right of sexual privacy for the appellant's consensual, adult, heterosexual, noncommercial, private acts of oral sex. The circumstances of this case fail to reflect a compelling governmental interest to justify intruding into that relationship. The private nature of the acts avoids any threat to public morality; indeed, no harm to anyone has been shown from the appellant's conduct. In the many Article 125 prosecutions this Court has reviewed, none has resulted from a fact situation as *unaggravated* as the appellant's. Only had the appellant and his partner been married to each other would his case present less aggravation. We hold that the constitutional right of privacy protects the appellant's conduct from prosecution. *See Scoby, supra*, 5 M.J. at 166.

■ Our decision limits the scope of Article 125; it does not invalidate the statute. We are sensitive to our status as a court,

not a legislature. The statute is written in very broad language, however, and questions about its reach are raised by its silence as to the matters we find relevant here. To sustain a prosecution under Article 125 for a private, heterosexual, noncommercial, consensual adult sex act, aggravating factors that support a compelling interest to regulate such conduct must be present. *Contra United States v. Henderson*, 32 M.J. 941, 946 (N.M.C.M.R.1991).

The findings of guilty to sodomy (the Additional Charge and its specification) are set aside and dismissed. We are satisfied that we can reassess the sentence for the remaining findings of ˙guilty. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Considering all relevant matters before the Court on the remaining charge and its specification, we approve a sentence of confinement for 7 months and reduction to the grade of E–1. Next, considering appellant's assertion that his sentence is too severe, we examine the entire record of trial and find the reassessed sentence appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The approved findings of guilty and the sentence, both as modified, are correct in law and fact and are

AFFIRMED.

Senior Judge LEONARD concurs.

JAMES, Judge, dissenting:

My brethren probably do what is best today, and their vote gives me the luxury of dissent.

The first premise in the logical argument in this case must be, "There is a constitutional right of privacy that protects consenting, heterosexual, adult, private, noncommercial, untraditional,[1] sexual activity," but there is no authority for that proposition among the decisions of the Supreme Court of the United States. It has come

---

1. Non-vaginal sex. I do not overlook the recent polls and the relics of the ancient world that suggest that fellatio and cunnilingus might be as much the norm as other forms of sexual activity. Neither the polls nor mores nor morality can be at issue until one first decides whether there is a constitutional protection.

close in opinions about procreation, marital and family relationships, and freedom to think, but it has not yet spoken on hetero-sexual copulatory mechanics. Other juris-dictions have been called upon to decide the same issue, and they have split. Of all their decisions, *Schochet v. State*, 75 Md. App. 314, 541 A.2d 183 (Md.App.1988), so well states my views that I cannot improve upon its analysis, and nothing of conse-quence has happened in the 3 years since it was written.[2] In brief, the decisions of the Supreme Court have not yet provided enough information that its direction on this issue can be predicted. It is on pre-cisely this point that the majority and I disagree. I must dissent. I would affirm, though with enormous reluctance.

---

**2.** The decision to which I cite was overruled by the state supreme court. *Schochet v. State*, 320 Md. 714, 580 A.2d 176 (1990). The higher court's approach and analysis do not detract from the reliability of the analysis of the inter-mediate court.