UNITED STATES, Appellant

v.

Scott P. FAGG, Airman, U.S.
Air Force, Appellee.

No. 67,216.
ACM 29129.

U.S. Court of Military Appeals.

Argued Dec. 5, 1991.

Decided March 24, 1992.

---

For the Accused: *Captain Beverly B. Knott* (argued); *Colonel Jeffrey R. Owens* (on brief).

For the United States: *Major Paul H. Blackwell, Jr.* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief); *Captain James C. Sinwell.*

*Opinion of the Court*

COX, Judge:

This case is a companion to *United States v. Henderson*, 34 MJ 174 (CMA 1992), also decided this day. As in *Henderson*, the issues before us concern the constitutionality of Article 125(a), Uniform Code of Military Justice, 10 USC § 925(a), which proscribes "sodomy," statutorily defined as "unnatural carnal copulation with another person of the same or opposite sex or with an animal." For the reasons stated in *Henderson*, we uphold the constitutionality of Article 125(a).

The accused was convicted, in accordance with his pleas, of one specification of consensual sodomy (fellatio and cunnilingus) and one specification of carnal knowledge [Art. 120(b), UCMJ, 10 USC § 920(b)]. A military judge sitting alone as a general court-martial at Altus Air Force Base, Oklahoma, sentenced the accused to a bad-conduct discharge, confinement for 7 months, and reduction to airman basic, which the convening authority approved. At the Court of Military Review, the accused argued that the sodomy conviction should be reversed, and the majority of that court agreed, "recogniz[ing] a constitutional zone of privacy for heterosexual, noncommercial, private acts of oral sex between consenting adults." 33 MJ 618, 619 (1991).

The Acting Judge Advocate General of the Air Force certified these issues for review:

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN IT RECOGNIZED A "CONSTITUTIONAL ZONE OF PRIVACY FOR HETEROSEXUAL, NONCOMMERCIAL, PRIVATE ACTS OF ORAL SEX BETWEEN CONSENTING ADULTS," THEREBY SETTING ASIDE AN ARTICLE 125 SODOMY CONVICTION.

II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED

WHEN IT HELD THAT THERE MUST BE A COMPELLING GOVERNMENTAL INTEREST IN ORDER TO SUSTAIN A CONVICTION UNDER ARTICLE 125 FOR A PRIVATE, HETEROSEXUAL, NONCOMMERCIAL, CONSENSUAL ADULT ORAL SEX ACT.

In reality, it would appear that sodomy had little bearing on sentence. By his own unabashed account, the accused, an 18-year-old airman, cut a rather wide swath through the pubescent female population of Altus, Oklahoma, in his first year after basic training. Unfortunately for him, his quest led him a little too close to the cradle on one occasion—with a 14-year-old junior high school student. In the military, carnal knowledge (sexual intercourse with a female under age 16) carries a maximum punishment of dishonorable discharge, confinement for 15 years, reduction, and total forfeitures. Para. 45e(2), Part IV, Manual for Courts–Martial, United States, 1984.

Be that as it may, for the reasons announced in *Henderson*, we reverse that portion of the Court of Military Review's decision setting aside the sodomy conviction, and we reinstate it. Like Judge James, dissenting below, we may sympathize with the accused regarding this particular conviction for what was unquestionably consensual conduct.* Nevertheless, we detect no indication from the Supreme Court which permits us to override the intent of Congress. *See Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986).

The decision of the United States Air Force Court of Military Review dismissing the sodomy specification and reassessing the sentence is reversed. The findings of guilty of sodomy (the Additional Charge and its specification) and the original sentence are reinstated. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for further review of the approved findings and the original sentence under Article 66(c), UCMJ, 10 USC § 866(c).

Chief Judge SULLIVAN, Judges CRAWFORD and GIERKE, and Senior Judge EVERETT concur.

Judge WISS did not participate.

---

* Ironically, it was the accused's jilted 16-year-old partner in sodomy who reported him to the police, after he had left her first for another 16-year-old and then for the 14-year-old. Before the complaint was lodged, however, the accused had already moved on to an 18-year-old, whom he married on the eve of his Article 32, Uniform Code of Military Justice, 10 USC § 832, investigation, after a 2-month acquaintanceship.