**UNITED STATES**

v.

**David A. WEDLER, 229 35 5852, Airman Apprentice (E–2), U.S. Navy.**

**NMCM 91 1743.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 22 Jan. 1991.

Decided 17 July 1992.

LT James R. Crisfield, Jr., JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

WILLEVER, Chief Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's reply thereto, and we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Appellant asserts that the convening authority erred when he failed to specifically indicate on the record in his action that he considered a clemency letter from appellant's father, sent directly to the convening authority and not via counsel or appellant. We disagree and affirm.

The appellant was found guilty in accordance with his plea of one specification of violating Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a. A special court-martial composed of officer and enlisted members sentenced him to be confined for two months, to forfeit $502.00 pay per month for two months, and to be discharged from the Naval Service with a bad-conduct discharge. The convening authority approved the sentence adjudged. As required by Rule for Courts–Martial (R.C.M.) 1106 Manual for Courts–Martial, United States, 1984, a legal officer's recommendation to the convening authority was prepared and served on the trial defense counsel, and he responded to the recommendation on 7 February 1991. The appellant requested that his copy of the post-

1. I. THE CONVENING AUTHORITY TOOK HIS ACTION WITHOUT CONSIDERING ALL CLEMENCY MATTERS SUBMITTED ON BEHALF OF APPELLANT.

II. AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE UNDER THE CIRCUMSTANCES OF THIS CASE. [Footnote omitted.]

trial recommendation be served on his defense counsel. Record at 53–54.

On 3 February 1991, appellant's father wrote a letter to the convening authority requesting clemency. He sent it by express mail the next day. The letter indicates that a copy was to be sent to the trial defense counsel. There is no indication in the record whether the defense counsel received that copy before he replied to the legal officer's recommendation. The convening authority acted on the case on 3 June 1991 and expressly mentioned his consideration of the clemency petition filed by the trial defense counsel, but he did not make any special note of the father's letter. The failure of the convening authority to specifically mention his consideration of the appellant's father's letter in the action on the case is the subject of the first assigned error.

A pleading from appellate defense counsel contains a letter from appellant, dated 21 November 1991 (over five months after the convening authority took his action), that includes a copy of the letter from his father and requests that the matter be brought before the convening authority. That is the first indication of record that *appellant* wished his father's letter considered as a clemency matter under R.C.M. 1105.

The appellant's father, an active duty senior chief petty officer, submitted his letter direct to the convening authority. The letter was not submitted via the defense counsel and was not submitted as part of trial defense counsel's post-trial request for clemency. R.C.M. 1105 provides, *inter alia*, that an *accused* may submit clemency matters, but the Rules for Courts–Martial do not place any requirements on a convening authority regarding submissions by third parties submitted outside the defense cognizance and not attached to the record of trial. Chaos would result if anyone could submit anything via any means and still hold the convening authority responsible for the contents. Indeed, such a rule could indeed undermine a careful defense post-trial tactical plan to present a clemency package in the best light and most organized and timely manner. Moreover, direct mailings to the convening authority circumvent the staff judge advocate or legal officer and thus do not benefit from that review.

It is clear from the record that the convening authority considered the clemency matters submitted by trial defense counsel. It is not clear whether the convening authority actually received appellant's father's letter, but there is a presumption that he did. However, there is no requirement that he either consider it or comment on it in his action, so the assignment of error is without merit.

 Regarding the second assignment of error, after a careful review of all the circumstances in this case we specifically find the sentence which includes an unsuspended bad-conduct discharge appropriate. Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judges STRICKLAND and ORR concur.