UNITED STATES, Appellee,

v.

Gary L. STOCKS, Specialist
U.S. Army, Appellant.

No. 67,196.
CM 8903820.

U.S. Court of Military Appeals.

Argued May 7, 1992.
Decided Sept. 25, 1992.

———————

For Appellant: *Captain Michael J. Berrigan* (argued); *Lieutenant Colonel James H. Weise, Captain Holly K. Desmarais, Captain Michael P. Moran* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Major Joseph C. Swetnam* (argued); *Colonel Dayton M. Cramer* and *Lieutenant Colonel Daniel J. Dell'Orto* (on brief).

*Opinion of the Court*

WISS, Judge:

At his general court-martial, appellant pleaded not guilty to charges alleging forcible sodomy, rape, and adultery, in violation of Articles 125, 120, and 134, Uniform Code of Military Justice, 10 USC §§ 925, 920, and 934, respectively. Ultimately, the members convicted him of committing an indecent act with another, *see* Art. 134; assault consummated by a battery, *see* Art. 128, UCMJ, 10 USC § 928; and adultery, and sentenced him to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed without opinion.

We granted review of two issues assigned by appellant that question whether private, heterosexual, oral foreplay not amounting to sodomy between two consenting adults is an "indecent act" and whether such a sexual act under the circumstances is within the constitutionally protected zone of privacy and, thus, not criminally punishable. Because we agree with appellant's challenge that, under the circumstances of this case, the act was not criminally "indecent," we need not address his constitutional challenge to this same conviction. A rehearing on sentence based on the remaining findings of guilty is required.

I

Appellant and Specialist T, members of the same battalion, engaged in a sometimes-tumultuous adulterous affair over the course of 8 or 9 months that spanned periods of time before, during, and after appellant's family was with him in Germany. The court-martial charges arose from an incident in appellant's quarters in May 1989 that followed a company barbecue attended by appellant and T.

It was undisputed at trial that appellant and T had intercourse on that occasion; that, prior to intercourse, appellant licked around and on T's vaginal area; and that, after intercourse, the two had a physical fight. Appellant, however, did dispute the Government's assertions that the intercourse and oral foreplay were without T's consent and that his tongue penetrated T's vagina during the foreplay.

The members' findings reflect that, at least, they had reasonable doubt about the Government's disputed contentions. The scene that plays out consistent with these findings and in light of the evidence on which they were based, then, is that appellant and T had consensual sexual intercourse that was immediately preceded by foreplay that included appellant's licking the surface of her vaginal area with his tongue and followed by a physical fight.

## II

This Court had occasion in *United States v. Hickson,* 22 MJ 146 (CMA 1986), to discuss in detail development of the offenses of adultery and fornication in both civil and military law. At the end of his lengthy analysis of these crimes, then-Chief Judge Everett concluded, with the apparent agreement of Judge Cox:

> In summary, the treatment of adultery and fornication in military law seems to be this: (a) two persons are guilty of adultery whenever they engage in illicit sexual intercourse if either of them is married to a third person; (b) if unmarried, they are guilty of fornication whenever they engage in illicit sexual intercourse under circumstances in which the conduct is not strictly private; and (c) private sexual intercourse between unmarried persons is not punishable.

*Id.* at 150. Applying this analysis to the circumstances of this case, appellant's sexual intercourse with T was adultery if either was married, as the Government alleged that appellant was; or it was no crime at all if neither was married, since it was between two consenting adults and in private. *Cf. United States v. Berry,* 6 USCMA 609, 20 CMR 325 (1956) (round-robin acts of sexual intercourse between two men and two women in same room were not strictly performed in private).

In either instance, the fact that oral foreplay occurred that was part and parcel of the sexual intercourse and that was not itself a violation of any other punitive article of the Code (*e.g.,* Article 125, sodomy) neither adds to nor detracts from this conclusion. In other words, the *sine qua non* of appellant's conduct under the circumstances of this case, if it was any crime at all, was the adulterous behavior, not its indecency. Hypothetically, had appellant challenged the adultery charge by contending that he was not married and had the members agreed with that contention, surely his mere oral foreplay with his lover, without more, could not be criminally "indecent" where the ultimate act of sexual intercourse was not illegal. *See generally* para. 90c, Part IV, Manual for Courts-Martial, United States, 1984 ("indecent" means "grossly vulgar, obscene, and repugnant to common propriety").

Our decision today is limited to the circumstance where private, heterosexual intercourse between two consenting adults is preceded by acts of consensual sexual touching that amount to mere foreplay to the intercourse. This is logically and legally distinguishable from a situation in which two independent offenses are completed and in which one was not a mere prelude to the other, *e.g.,* sodomy and adultery. This also is logically and legally distinguishable from a situation in which the ultimate act of sexual copulation that would follow such foreplay is specifically proscribed in Article 120(b) or 125 of the Code, *see, e.g., United States v. Fagg,* 34 MJ 179 (CMA 1992); *United States v. Henderson,* 34 MJ 174 (CMA 1992); *United States v. Warren,* 6 USCMA 419, 20 CMR 135 (1955).

## III

The decision of the United States Army Court of Military Review is reversed as to Charge I and its specification, as well as the sentence. The findings of guilty thereon are set aside, and that Charge and its specification are dismissed. The record of

trial is returned to the Judge Advocate General of the Army. A rehearing on sentence based on the remaining findings of guilty may be ordered.

Judges COX, CRAWFORD, and GIERKE concur.

SULLIVAN, Chief Judge (dissenting):

Appellant and Specialist T were assigned to different companies in the same battalion. He was married; she was not. Physical altercations between the two preceded and succeeded the challenged sexual acts. Evidence of the above was sufficient to present the question of indecency to the members for their determination. *See United States v. Choate*, 32 MJ 423 (CMA 1991); *United States v. Hobbs*, 7 USCMA 693, 699–700, 23 CMR 157, 163–64 (1957).