**354**

UNITED STATES, Appellee

v.

Timothy A. GATES, Private First
Class, U.S. Army, Appellant.

No. 93–1004.
CMR No. 9200673.

U.S. Court of Military Appeals.

Argued May 31, 1994.

Decided Sept. 16, 1994.

For Appellant: *Captain Thomas D. Wight*
(argued); *Lieutenant Colonel James H.
Weise* (on brief); *Colonel Stephen D. Smith,
Major Robin L. Hall, Captain Michael Hu-
ber, Captain Robert H. Pope.*

For Appellee: *Major James L. Pohl* (ar-
gued); *Colonel Dayton M. Cramer, Captain
Kenneth G. Wilson, Captain Glenn L. Kir-
schner* (on brief); *Major Joseph C. Swetnam.*

*Opinion of the Court*

WISS, Judge:

In this appeal from a contested general
court-martial in which the officer and enlist-
ed members convicted appellant of sodomy,[1]
we granted review of the following issue
raised by appellate defense counsel:

> WHETHER A SERVICEMEMBER CAN
> BE CONVICTED UNDER UCMJ ARTI-
> CLE 125 FOR ENGAGING IN PRI-
> VATE,[2] NONADULTEROUS, NON-
> COMMERCIAL, CONSENSUAL, HET-
> EROSEXUAL FELLATIO.

Appellant acknowledges that the answer in-
evitably is adverse to him under our decision
in *United States v. Henderson*, 34 MJ 174
(CMA 1992); *accord United States v. Fagg,*
34 MJ 179 (CMA), *cert. denied,* —— U.S.
——, 113 S.Ct. 92, 121 L.Ed.2d 54 (1992).
He has pleaded, however, for a more favor-
able reconsideration of that decision and ap-
parently in some manner is encouraged in
that hope by our intervening decision in
*United States v. Stocks*, 35 MJ 366 (CMA
1992).

Nonetheless, we are no more free now
than we were 2 years ago to reject the clear
proscription of Congress in Article 125, Uni-

---

1. Appellant was charged with rape of Specialist
O and sodomy with Private First Class S, in
violation of Articles 120 and 125, Uniform Code
of Military Justice, 10 USC §§ 920 and 925,
respectively, but was found guilty only of the
latter. The members sentenced him to a bad-
conduct discharge and reduction to the lowest
enlisted grade. The convening authority ap-

proved these results, and the Court of Military
Review affirmed in an unpublished opinion.

2. Appellant has phrased this issue in terms of the
fellatio being in private. Though the circum-
stances do not altogether support that character-
ization, we will assume its accuracy for purposes
of this appeal.

form Code of Military Justice, 10 USC § 925. In full response to appellant's present contention that his conviction violates the penumbral rights reserved in the Ninth Amendment and due process and equal protection guaranteed in the Fifth Amendment, this Court in *Henderson* held: First, as evident from the opinions in *United States v. Harris,* 8 MJ 52 (CMA 1979), and *United States v. Scoby,* 5 MJ 160 (CMA 1978), and other authorities, the evolutionary history of Article 125 is clear that Congress intended to include fellatio within the ambit of "unnatural carnal copulation" as that term is used in that statute, even consensual, noncommercial, heterosexual fellatio that is performed in private between two unmarried adults; and second, under the Supreme Court's analytical construct for resolving due process violations in *Bowers v. Hardwick,* 478 U.S. 186, 106

S.Ct. 2841, 92 L.Ed.2d 140 (1986),[3] "we cannot declare that there is a right to privacy in the Constitution that invalidates an Act of Congress outlawing fellatio." 34 MJ at 178.

Our decision in *Stocks* offered no realistic refuge from *Henderson.* The textual theory of the *Stocks* opinion manifestly is limited, 35 MJ at 367, and nothing in that theory or anywhere in the language of the opinion suggests that the specifically statutorily proscribed act of sodomy is for some reason lawful. Accordingly, appellant's constitutional challenge to his conviction lacks merit.[4]

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

---

3. Appellant *tempts us to minimize the impor*tance of *Bowers* on the ground that that case involved homosexual conduct which, appellant urges, is not entitled to the same heightened protection as heterosexual conduct. It is not the conduct that was in issue there or the Court's ultimate decision which is of particular importance, however; rather, as the *Henderson* opinion demonstrates, what is critical is the *Bowers* Court's analytical "approach that seems to be applicable to any claimed due process right." 34 MJ 174, 177 (CMA 1992).

4. It appears that appellant's sodomitic consort was not prosecuted for her part. Appellant made no motion at trial or complained on appeal, however, of selective prosecution. In any event, given the prosecution's evidence (rebutted by appellant's) as to how the *fellatio* was initiated and given, also, that appellant was charged with (though subsequently acquitted of) raping the other woman in the three-person drinking spree that formed the backdrop for all this, it does not appear likely that appellant could have carried his heavy burden to establish selective prosecution. *See United States v. Garwood,* 20 MJ 148, 154 (CMA), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985); *see also Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).