# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Shams I. ABDUL-RAHMAN,
### Seaman Apprentice (E-2), U.S. Coast Guard

## CGCMG 0187

## Docket No.  1192

## 14 May 2004

General Court-Martial convened by Commander, U. S. Coast Guard Pacific Area.  Tried at Alameda, California, on 16 October 2002.

| | |
|---|---|
| Military Judge: | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel: | LT Michelle C. Bas, USCG |
| Defense Counsel: | LCDR Charles N. Purnell, JAGC, USN |
| Assistant Defense Counsel: | LT Kerry L. Abramson, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

## BEFORE
## THE COURT *EN BANC*
## BAUM, KANTOR, PALMER, CAHILL[*], & McCLELLAND
### Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: four specifications of failure to obey a lawful general order by engaging in sexually explicit behavior with four different females on board USCGC RUSH, and one specification of violating a lawful general order by wrongfully possessing alcohol aboard USCGC RUSH, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of sodomy with a female third class cadet, in violation of Article 125, UCMJ[1]; one

---

[*] Judge Cahill did not participate in this decision.
[1] Appellant was charged with committing sodomy by force and without consent, but pled guilty by excepting the words by force and without the consent.

specification of unlawfully entering a female berthing area with the intent to commit a criminal offense, in violation of Article 130, UCMJ; and two specifications of indecent acts with another, in violation of Article 134, UCMJ.  The judge sentenced Appellant to a bad-conduct discharge and confinement for 180 days, which was approved by the Convening Authority, unaffected by the pretrial agreement.

Appellant initially assigned six errors before this Court, but subsequently withdrew two of those assignments and modified one of the remaining assignments.  The four remaining assignments are: (1) that his conviction for adult consensual sodomy violates his vital interest in liberty and privacy protected by the due process clause of the Fifth Amendment of the Constitution, (2) that the military judge erred in failing to dismiss the sodomy charge and specification as multiplicious with one of the specifications under the orders-violation charge, (3) that three of the orders-violation specifications constitute an unreasonable multiplication of charges, and (4) that the Staff Judge Advocate's Recommendation and the Convening Authority's action fail to reflect two days of credit for restriction tantamount to confinement.

We find that there was not an unreasonable multiplication of orders-violation charges, and, accordingly, summarily reject the third assignment of error.  We will grant Appellant two days credit for restriction tantamount to confinement, as requested in the fourth assignment, and not objected to by the Government.  Although Appellant has undoubtedly completed service of the confinement approved by the convening authority, automatic forfeiture of pay pursuant to Article 58b, UCMJ, presumably was implemented for the period that he was confined.  Accordingly, any reduction in confinement resulting from credit that we order should cause a return of pay forfeited for that period.

Assignments one and two were orally argued on 20 February 2004 at George Mason University School of Law as part of Project Outreach.[2]  The second assignment, which asserts

---

[2] Project Outreach is a program instituted by the United States Court of Appeals for the Armed Forces to expand awareness of the military justice appellate process by taking appellate hearings to the service academies, law schools, and other locations.  Oral argument in this case was held before students and faculty members at George Mason University School of Law.  After the hearing adjourned, in furtherance of Project Outreach objectives, the judges and appellate counsel entertained questions from the audience not pertaining to this case or its issues.

multiplicity with respect to the sodomy offense and an orders violation for sexually intimate behavior aboard ship was waived by Appellant's unconditional pleas of guilty, absent plain error. Since we find no plain error in this regard, the assignment is rejected. Assignment of error one will be addressed.

**Assignment I**

Appellant challenges his sodomy conviction in violation of Article 125, UCMJ, based on the U.S. Supreme Court's determination that a state statute criminalizing private consensual sodomy between adults was unconstitutional in *Lawrence v. Texas*, 539 U. S. 558, 123 S. Ct. 2472, 156 L. Ed. 508 (2003). In reaching this conclusion, the Supreme Court overruled its earlier decision in *Bowers v. Hardwick*, 478 U.S. 186, 106 S. Ct. 2841, 91 L. Ed. 2d. 140 (1986), that a similar state statute was constitutional. Notwithstanding decisions of the Supreme Court directly bearing on issues before this Court, we are bound to follow precedents set by our higher Court, the United States Court of Appeals for the Armed Forces (CAAF), until such time as that Court deems its precedents modified by the Supreme Court. *United States v. Kelly,* 45 M.J. 259 (1996), *United States v. Allberry*, 44 M.J. 226 (1996). Accordingly, this Court's decision in the case before us is controlled by *United States v. Henderson*, 34 M.J. 174 (1992), CAAF's determination that Article 125, UCMJ, is constitutional, in reliance on *Bowers v. Hardwick.*

Although we must reject Appellant's assigned error based on *Henderson,* we believe there are reasons to find *Lawrence v. Texas* inapplicable to the facts in this case. In *Lawrence v. Texas,* the Supreme Court found, among other things, that the case did not involve public conduct and that the statute under consideration furthered "no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Lawrence v. Texas*, 123 S. Ct. 2472, 2484 (2003). In contrast, the act at issue here occurred in the women's berthing area of a Coast Guard cutter where other women were present, making it difficult to even find any semblance of privacy, much less implicate protected privacy interests. Furthermore, even if the conduct in question was private, the Coast Guard has a legitimate military interest that would justify its intrusion into any sexual acts occurring aboard a Coast Guard cutter. Additionally, the fact that Appellant was found guilty of unlawfully entering the berthing compartment, as well as engaging in sexually explicit conduct with four different females there, would appear to remove

this case from the reach of *Lawrence v. Texas*. Finally, even though Appellant's conviction for sodomy accorded with his plea, which excepted the words "by force and without the consent," it does not necessarily follow that there was a consensual relationship of the kind envisioned by the Supreme Court in *Lawrence v. Texas*. In short, the facts of this case are a far cry from the private consensual act in *Lawrence v. Texas*. However, Article 125, UCMJ, is a broadly worded proscription, which has been found to cover private consensual acts of the kind that *Lawrence v. Texas* seems to protect. *See United States v. Fagg*, 34 M.J. 179 (C.M.A. 1992) (private, heterosexual, noncommercial, consensual oral sex, not occurring onboard a military ship); *United States v. Gates*, 40 M.J. 354 (C.M.A. 1994) (private, nonadulterous, noncommercial, consensual, heterosexual fellatio, not occurring onboard a military ship). Accordingly, there may be good reason, post *Lawrence v. Texas*, to find Article 125, UCMJ, unconstitutional, as applied to the specific acts in those cases. Would such a determination necessarily invalidate Article 125, UCMJ, for the acts in this case? That decision must be left to CAAF. Until such time, we will apply that Court's decision in *United States v. Henderson,* and, thus, reject Appellant's first assignment of error for that reason.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. However, two days credit is ordered against the approved confinement for restriction tantamount to confinement.

Judges KANTOR, PALMER, and McCLELLAND concur.



For the Court,

Roy Shannon Jr.
Clerk of the Court