UNITED STATES, Appellee,

v.

Louis L. McGINTY, Commander
U.S. Navy, Appellant.

No. 68,251.
CMR No. 91 3221.

U.S. Court of Military Appeals.

Argued May 10, 1993.

Decided Sept. 28, 1993.

For Appellant: *Michael F. Fasanaro, Jr.* (argued).

For Appellee: *Major Laura L. Scudder,* USMC (argued); *Colonel T. G. Hess,* USMC and *Commander W.F. Shields,* JAGC, USN (on brief).

*Opinion of the Court*

WISS, Judge:

A general court-martial composed of a military judge alone tried Commander McGinty in a contested case and convicted him of wrongful use of alcohol aboard ship (2 specifications); attempt to commit an indecent act (charged as indecent assault); indecent assault (another incident entirely); and fraternization (2 specifications).* The judge sentenced appellant to a dismissal and confinement for 6 months. The convening authority approved these results but suspended the confinement for 1 year, and the Court of Military Review affirmed without opinion on June 19, 1992.

We granted appellant's petition for review to consider his claim that the evidence was insufficient as a matter of law to prove

---

* Alleged as violations of Articles 92 and 134, Uniform Code of Military Justice, 10 USC §§ 892 and 934, respectively.

his guilt of the attempt to commit an indecent act. 37 MJ 26. We now hold, contrary to his assertion, that there is some evidence from which a reasonable factfinder could find beyond a reasonable doubt each element of that offense. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ The evidence surrounding the incident in question was sharply contested. Before us, appellant relies to a substantial degree on his version of the evidence; but we may not similarly rely upon that, to the extent that it differs from the prosecution's evidence. As we stated in *United States v. Blocker*, 32 MJ 281, 284 (CMA 1991), "In resolving legal-sufficiency questions, this Court is bound to draw every reasonable inference from the evidence of record in favor of the prosecution." From that vantage point, there can be no serious conclusion except that the evidence is legally sufficient.

Appellant's attempt to commit an indecent act was described as "running his fingers through the hair of the said [victim] and by hugging him...." Thus, the task of the military judge as the factfinder was to decide whether the specified acts occurred and, if so, whether they constituted an attempt at committing an indecent act.

Contrary to the testimony of the alleged victim, appellant assertively denied both of the physical acts charged. Yet, the military judge's finding of guilt unequivocally commands the conclusion that appellant simply was not believed on that difference in testimony.

As to whether these physical actions were an attempt to commit an indecent act, the factfinder had to answer two questions: 1) Were the specified actions "done with specific intent to commit an offense" under the Uniform Code of Military Justice (Art. 80(a), UCMJ, 10 USC § 880(a); para. 4b(2), Part IV, Manual for Courts–Martial, United States, 1984)—here, an indecent act (*see* Art. 134, UCMJ, 10 USC § 934; para. 90b)—and, 2) did the actions go beyond "mere preparation" and, instead, constitute "a direct movement toward the commission of the offense"? (Art. 80(a); para. 4c(2)).

■ Certainly not every personal touching permits an inference that it is done with intent to commit an indecent act. The touching may not be of a sexual nature at all but, instead, may be one of friendship. Moreover, even if done in the context of being a step toward sexual activity, a personal touching is not with intent to commit an indecent act unless the sexual activity would itself be indecent for some reason. *See United States v. Stocks*, 35 MJ 366, 367 (CMA 1992). However, where the circumstances as a whole and the events both before and after the touchings depict a sexually oriented overture that is headed toward an activity that would legally constitute an indecent act, then rational factfinders may reasonably conclude that the personal touchings in that context were with intent to commit an indecent act. *See United States v. Holland*, 12 USCMA 444, 445, 31 CMR 30, 31 (1961) ("Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the Uniform Code" as being wrongful and indecent.); *United States v. Sanchez*, 11 USCMA 216, 218, 29 CMR 32, 34 (1960) ("True it is that under some circumstances a mere exhibition of private parts might be accidental or no more than indecent exposure, but under the facts of this case the exposure was indecent, lewd, and lascivious."). *See generally United States v. Schoof*, 37 MJ 96 (CMA 1993) (discussion of law of attempt). That is the case here. *See generally United States v. Stocks*, *supra* (distinguishing between lawfulness of homosexual activity and heterosexual activity).

■ Likewise, we are satisfied that the evidence offered the factfinder a legally sufficient basis for concluding that the specified actions were "a substantial step— some overt act, beyond mere preparation— toward accomplishing" a goal of sexual activity. *See United States v. Schoof*, 37 MJ at 102. Sexual posturing, preening, and socializing may be found in context to not cross that threshold, but the factfinder

was free here to conclude that the personal touchings did: that is, that they were affirmative steps toward sexual activity—sexual activity that here would have been unlawful and, thus, indecent. *See id.*

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX and CRAWFORD concur.

GIERKE, Judge (dissenting):

I respectfully dissent. There is no question that appellant's conduct was improper, but justice has been served by his conviction of fraternization and violation of regulations. There is no need to twist the law of attempt to fit the facts of this case.

Appellant was charged with indecent assault, but the military judge found him guilty only of the lesser-included offense of an attempted indecent act. It is important to note that the military judge found appellant not guilty of that portion of the specification alleging that appellant's acts were "with intent to gratify his sexual desires." That finding is dispositive of the question of appellant's intent.

The underlying premise of the majority opinion seems to be that appellant made a "pass" at the young sailor, hoping to engage in illegal sexual activity with him. The majority's holding appears to have been influenced by appellant's conviction of an indecent assault on a Marine Corps corporal 1½ years after the incident in question. The problem with this premise is that it is inconsistent with the military judge's findings. The military judge acquitted appellant of intending what the majority says he intended, *i.e.*, "to gratify his sexual desires." We do not have the authority to independently review the evidence and overturn the military judge's finding of not guilty with respect to appellant's intent.

The only question before us is whether the evidence supports a finding that appellant's conduct went beyond "mere preparation" and was "a direct movement toward the commission of" an indecent act. Paras. 4b(3) and 4c(2), Part IV, Manual for Courts–Martial, United States, 1984. The conduct must constitute "a substantial step toward commission of the crime" alleged to have been attempted, and the "substantial step must be ... strongly corroborative of the firmness of the [accused's] criminal intent." *United States v. Byrd,* 24 MJ 286, 290 (CMA 1987). In this case the evidence must support a finding that appellant's conduct was a direct movement toward an *unspecified* indecent act which, according to the military judge's findings, was without "intent to gratify his sexual desires."

The evidence in the light most favorable to the Government was presented through the complaining witness for the charge of indecent assault at issue here. He testified to the following series of events that led to the criminal charge in question. After a staff Christmas party on December 24, 1988, appellant was providing transportation back to the ship and invited another officer and the complaining witness to have dinner with him before returning to the ship. The officer declined, so appellant dropped the officer off and drove the complaining witness to a restaurant.

The witness ordered food and wine, while appellant only ordered wine. They then left to go to a bar. At the bar, they sat together at a small round table and consumed another four or five glasses of wine apiece. Appellant then drove the witness back to the ship and invited him back to his stateroom to finish their discussion about their families.

Once in appellant's room, appellant turned off the main set of lights, leaving only the lights of a small Christmas tree to illuminate the room. Appellant brought out some more wine and had the victim sit on the couch with him to open one of appellant's presents. After the witness opened a gift, appellant put his right arm behind the witness on the couch. He then brought his arm back, "and he kind of put it on my [the witness'] shoulder and, like, you know, hugged me." Then appellant moved his arm to the back of the witness' neck and "ran his fingers through ... the

hair on the back of [his] neck." The witness then got up and left, despite appellant's urging that he stay. The witness testified that "nothing sexual occurred" and that he did not know whether appellant's touching was a "sexual advance," "but [the witness] didn't want to stay to find out."

The majority opinion treats appellant's actions as a direct movement toward the commission of an *undetermined* indecent act that required an entirely separate and additional overt act that is left to our imagination. *See United States v. Church*, 32 MJ 70, 71 (CMA 1991) (accused's conduct must be examined to determine whether her actions constitute "more than mere preparation"). Just like "picking up a stone without any attempt or offer to throw it" is not an attempted battery, *see* para. 54c(1)(c)(i), Part IV, a hug is not an attempted thigh rubbing and a hair ruffling is not an attempted grab at another's penis. An "attempted kiss" is not made by a warm handshake with the inferred intent to kiss later but, rather, by making a direct movement toward actually trying to kiss another person. As the majority correctly notes, whether a particular act itself is indecent depends on the circumstances. An *attempt* to commit an indecent act requires a direct movement toward an articulable act that can be determined to be indecent.

The majority holds, without explanation, that the factfinder was free to conclude: 1) that appellant's personal touchings were done with the intent to commit an indecent act; and 2) that the touchings also were a substantial step beyond mere preparation toward accomplishing a goal of indecent sexual activity. 38 MJ at 132–33. I believe that this holding is wrong for two reasons. First, the military judge found appellant not guilty of having an "intent to gratify his sexual desires" as to the specific acts in question. In my view, this finding precludes a finding of guilty premised on an intended sexual seduction. Second, I believe the majority holding dangerously broadens the scope and meaning of criminal attempt. Now, a married male officer who under similar circumstances hugged a female subordinate can be subject to charges of (and possible conviction for) *attempting* to commit an indecent act, sodomy, adultery, or even rape. After all, according to the majority opinion, such actions could be inferred as sexually oriented overtures that the factfinder is free to conclude is an affirmative step toward unlawful sexual activity.

The military judge found that the hug and hair ruffling were not an indecent assault but only an attempted indecent act. The conviction of an attempt necessarily implies that appellant's conduct stopped short of a consummated indecent act. An indecent act would have required a separate action entirely *independent* of a hug and hair ruffling. We are forced to guess what the indecent act would have been (keeping in mind that it was specifically found to be without "intent to gratify his sexual desires"), how appellant would have committed it, and when (or whether) it would have taken place. *See United States v. Harville*, 14 MJ 270, 271 (CMA 1982) ("evidence must not only prove all the elements of the offense; it must also 'exclude ... any fair and rational hypothesis except that of guilt' "). In my view this makes appellant's hug and hair ruffling a far cry from being "a substantial step ... strongly corroborative of the firmness" of the accused's intent to commit an indecent act. If one can only speculate concerning what indecent act (if any) appellant was attempting to commit, the Government has not proved that appellant made a direct movement toward committing it.

The complaining witness testified that "nothing sexual occurred." The touchings that the military judge found not to be indecent in and of themselves *at most* could be described as mere preparation. Even that requires speculation with respect to what illegal act appellant was preparing to do. That makes this case quite distinguishable from *United States v. Schoof*, 37 MJ 96 (CMA 1993), in which the accused pled guilty to an attempt to commit espionage and admitted that his actions (which

included theft of classified material and travel toward the Soviet Embassy with intent to sell the stolen material) went beyond mere preparation. Absent evidence of a direct movement toward an act which itself can be determined to be indecent, appellant's activities do not even reach "the 'twilight zone' ... between preparation and substantive step" toward the commission of an indecent act. *See* 37 MJ at 103. Accordingly, I cannot join in holding that appellant's acts were legally sufficient to constitute an attempt to commit an indecent act.