# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.A. FISCHER, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**EDWARD J. WILSON, JR.**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201300315**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 11 April 2013.
**Military Judge**: Maj Nicholas Martz, USMC.
**Convening Authority**: Commanding Officer, Combat Logistics Regiment 27, 2d Marine Logistics Group, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation**: Capt A.L. Evans, USMC.
**For Appellant**: LCDR Shannon Llenza, JAGC, USN.
**For Appellee**: Maj David N. Roberts, UMSC; Capt Matthew Harris, USMC.

**28 August 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, contrary to his pleas, of one specification of wrongful sexual contact, in violation of

Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.[1] The military judge sentenced the appellant to confinement for ninety days, reduction to pay grade E-1, and a bad conduct discharge. The convening authority approved the sentence as adjudged.

The appellant raises the following five assignments of error (AOEs): (1) that the appellant's conviction was factually and legally insufficient; (2) that the military judge abused his discretion by not recusing himself from the proceedings; (3) that the court-martial was unfair due to unlawful command influence; (4) that the military judge abused his discretion in permitting the Government to introduce improper rebuttal evidence in presentencing; and, (5) that the findings and sentence should be set aside due to cumulative error.

After careful consideration of the parties' pleadings and the record of trial, we are convinced that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

**Background**

On 4 February 2012, Lance Corporal (LCpl) AV and her boyfriend planned to spend the evening watching movies in her barracks room aboard Camp Lejuene, NC. The appellant and several other Marines were socializing and watching an Ultimate Fighting Championship (UFC) pay-per-view event in a room a few doors away from LCpl AV's room. LCpl AV and her boyfriend joined the other Marines watching the UFC matches and also spent time socializing and drinking alcohol in the barracks and smoking cigarettes on the catwalk outside the barracks. LCpl AV's boyfriend consumed a considerable amount of alcohol and passed out in her room. At one point after her boyfriend had passed out, LCpl AV and the appellant were alone outside smoking. They were acquainted from work and their prior social interactions had solely been in a group setting. At trial, LCpl AV testified that the appellant asked her to help him square away another Marine's barracks room because it had been left in disarray and the door was ajar. LCpl AV testified that she agreed to help and after she entered the room the appellant grabbed her around the waist, spun her around, unzipped her pajamas and put his hand on her breast. LCpl AV testified she

---

[1] The military judge acquitted the appellant of specifications of aggravated sexual contact, abusive sexual contact, and rape. All charges arose from the same incident.

shoved the appellant as hard as she could and yelled at him to "Get the f*** off me" and ran out of the room. Shortly thereafter LCpl AV reported to the barracks duty noncommissioned officer that the appellant assaulted her.

The trial defense team argued reasonable doubt based upon the following: (1) LCpl AV's lack of credibility due to her level of intoxication at the time of the incident and the general implausibility of her account; (2) LCpl AV's several conflicting statements to various people regarding the details of the incident; and (3) the deficient investigation conducted by Naval Criminal Investigative Service (NCIS) agents who failed to collect available physical evidence that could have been forensically examined.

## Discussion

### *Legal and Factual Sufficiency*

In accordance with Article 66(c), UCMJ, this court reviews issues of legal and factual sufficiency *de novo*. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Dobson*, 63 M.J. 1, 21 (C.A.A.F. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When testing for legal sufficiency, this court must draw every reasonable inference from the record in favor of the prosecution. *United States v. McGinty,* 38 M.J. 131, 132 (C.M.A. 1993); *United States v. Blocker,* 32 M.J. 281, 284 (C.M.A. 1991).

The test for factual sufficiency "is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of [this court] are themselves convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)

The elements of wrongful sexual contact applicable here are: (1) that on or about 5 February 2012 at or near Camp Lejeune, NC, the accused engaged in sexual contact, to wit: touching LCpl AV's breast with his hand; (2) that such sexual contact was without LCpl AV's permission; and (3) that such sexual contact was wrongful. "Without permission" means without consent and "consent" is defined as words or overt acts indicating a freely given agreement to the sexual conduct by a

3

competent person.  "Wrongful" means without legal justification or lawful authorization.  "Sexual contact" is the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of another person, with an intent to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desire of any person.

LCpl AV's testimony clearly established that the appellant intentionally touched her breast; that she did not consent to his actions; and that she pushed him away as soon as she was able.  While LCpl AV was intoxicated at the time, the evidence indicated she was well-aware of her surroundings and fully able to recall the incident.  Moreover, she reported the appellant's actions nearly immediately and witnesses testified that she was clearly emotionally upset.  After reviewing the record, we find that a rational trier of fact could have found that the essential elements of wrongful sexual contact were met, and we are ourselves convinced beyond a reasonable doubt as to the appellant's guilt.

**_Military Judge's Impartiality_**

At trial, the military judge stated that he knew the alleged victim, LCpl AV, in a professional capacity because she had been his court-reporter "for maybe a handful of sessions." Record at 73.  In response to *voir dire* questions from trial counsel and defense counsel, the military judge also indicated that he had attended a work place baby shower held jointly for LCpl AV and another Marine.  Additionally, the military judge confirmed that he knew three witnesses, Corporal (Cpl) L, Cpl S and Major K, and that he considered Major K a friend.[2]  The military judge stated that nothing regarding his experiences with any of the witnesses would impact his ability to sit as an impartial fact finder in the case.  *Id.* at 76.  Following *voir dire* and after consulting with the appellant, the defense counsel elected not to challenge the military judge.  *Id.*  The appellant now argues that the military judge had a *sua sponte* duty to recuse himself because his familiarity with LCpl AV and the other witnesses called into question his impartiality.

A military judge must disqualify himself in a proceeding when his impartiality "might reasonably be questioned."  RULE FOR COURTS-MARTIAL 902(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012

---

[2] The appellant, LCpl AV, and several of the witnesses worked in Marine legal offices.  Cpl L, Cpl S and Maj K were called as witnesses by the defense.

ed.).  "'[W]hen a military judge's impartiality is challenged on appeal, the test is whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt' by the military judge's actions."  *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Burton*, 52 M.J. 223, 226 (C.A.A.F. 2000)).  "The appearance of impartiality is reviewed on appeal objectively and is tested under the standard set forth in *United States v. Kincheloe*, i.e., '[a]ny conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification.'"  *Martinez,* 70 M.J. at 158 (quoting *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982)).  While an appellant has a constitutional right to an impartial judge, "[t]here is a strong presumption that a [military] judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings."  *United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001).

Because the appellant did not object at trial, we review the issue of impartiality for plain error.  *Martinez*, 70 M.J. at 157.  Plain error occurs when: (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice.  *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007).  In this instance, we find the military judge did not commit plain error in failing to *sua sponte* recuse himself simply because he knew several of the defense witnesses and had some limited professional interaction with the victim.

## Unlawful Command Influence

The appellant also avers that the appellant's court martial was infected with apparent unlawful command influence (UCI) due to a series of lectures delivered by the Commandant of the Marine Corps that came to be known as the "Heritage Brief".  We review allegations of UCI *de novo*.  *United States v. Villareal*, 52 M.J. 27, 30 (C.A.A.F. 1999).  Article 37(a), UCMJ, states, "No person subject to this chapter may attempt to coerce or, by any unauthorized means, influence a court-martial or any other military tribunal or any member thereof in reaching the findings or sentence in any case . . . ."  The appellant has the initial burden of producing sufficient evidence to raise unlawful command influence.  *United States v. Stombaugh*, 40 M.J. 208, 213 (C.M.A. 1994).  This threshold is low, but it must be more than

5

"a bare allegation or mere speculation." *United States v. Johnston*, 39 M.J. 242, 244 (C.M.A. 1994) (citation omitted).

At trial, the defense moved to dismiss the charges based on UCI flowing from the Heritage Brief. The military judge presiding at the UCI motion hearing denied the defense request to dismiss and decided that a supplemental member questionnaire and extensive *voir dire* would be adequate to ensure the fairness of the appellant's court-martial. The appellant eventually elected to be tried by military judge alone, made no further allegation of UCI once he elected forum, and did not *voir dire* or challenge the military judge on this matter.

The record before us is devoid of facts that, if true, constitute UCI. Moreover, we find no indication whatsoever that the proceedings were unfair. *Stombaugh*, 40 M.J. at 213. The appellant has failed to meet his initial burden of production and therefore we decline to grant relief.

## Remaining Assignment of Error

Having carefully reviewed the record and the pleadings, we find the appellant's remaining AOEs to be without merit. *United States v. Clifton*, 35 M.J. 79, 81-82 (C.M.A. 1992).

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

6