# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.A. FISCHER, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**DWAYNE E. NOVAK, JR.**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201300379**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 4 April 2013.
**Military Judge**: LtCol Elizabeth Harvey, USMC.
**Convening Authority**: Commanding Officer, 1st Marine
Logistics Group, MarForPac, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation**: LtCol E.J. Peterson,
USMC.
**For Appellant**: Gary Myers, Esq.; LT Jared A Hernandez,
JAGC, USN.
**For Appellee**: LT Lindsay Geiselman, JAGC, USN.

**30 September 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

PER CURIAM:

A military judge sitting as a special court-martial
convicted the appellant, contrary to his pleas, of conspiracy to
commit fraternization, fraternization, and adultery in violation
of Articles 81, 92, and 134, Uniform Code of Military Justice,
10 U.S.C. §§ 881, 892, and 934. The military judge sentenced
the appellant to reduction to pay grade E-3 and a bad conduct
discharge. The convening authority approved the adjudged
sentence.

On appeal, the appellant maintains that the evidence was legally and factually insufficient to support his convictions.

After carefully considering the record of trial and the submissions of the parties, we find partial merit in the appellant's claim of factual insufficiency as it relates to his conspiracy conviction. After taking corrective action in our decretal paragraph and reassessing the sentence, we conclude that the remaining findings and the reassessed sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

**Background**

In November 2011, Lance Corporal (LCpl) AC, a female Marine, was assigned to a Combat Logistics Regiment while pending an administrative separation. Sergeant Major (SgtMaj) CP tasked Staff Sergeant (SSgt) CW, the Company Gunnery Sergeant and Noncommissioned Officer in Charge, with mentoring LCpl AC while she was assigned to the unit and going through the administrative separation process. The appellant worked at the same Regiment along with LCpl AC, SSgt CW, SSgt TJ, SSgt LS and SSgt TW.[1] Among the group of staff sergeants, only SSgt CW's duties brought him in regular professional contact with LCpl AC.

Shortly after LCpl AC was assigned to the Regiment, SSgt CW began an inappropriate relationship with her that included frequent communications of a personal nature through text message, phone, and email. Additionally, LCpl AC testified that between November 2011 and March 2012, she engaged in sexual activity with SSgt CW on at least five occasions. LCpl AC further testified that from January to March 2012, she also engaged in sexual activity with SSgt TJ, SSgt LS, SSgt TW and the appellant and her testimony indicated that these sexual liaisons were generally facilitated through SSgt CW.

LCpl AC testified that in early March 2012, SSgt CW sent her a text message saying that she would never guess who wanted to have sex with her. Following further text message exchanges between the two of them, SSgt CW told her it was the appellant. LCpl AC had previously told SSgt CW that she was interested in the appellant. Later that day, LCpl AC went to the appellant's house. SSgt CW, SSgt TW and the appellant were already there.

---

[1] SSgt CW, SSgt TJ, SSgt LS and SSgt TW were named along with the appellant as co-conspirators to commit fraternization with LCpl AC and all but SSgt TJ were married during the time of the charged misconduct.

LCpl AC testified that while at the appellant's house that night, at one point, SSgt CW gave her a nod, and she then followed the appellant to his bedroom and had sex with him. Following this sexual liaison, the appellant and LCpl AC exchanged approximately eighty-four text messages over the next several weeks, and LCpl AC testified that she engaged in sexual activity with the appellant at least four more times.

On 18 March 2012, LCpl AC approached SgtMaj CP to complain about the frequency and nature of SSgt CW's communications to her and she showed SgtMaj CP a partially nude photograph SSgt CW sent to her of himself. This triggered a command investigation which uncovered LCpl AC's relationships with the aforementioned staff sergeants.

At trial the appellant testified in his own defense and denied engaging in any sexual activity with LCpl AC or fraternizing with her. He maintained that the text messages between LCpl AC and himself were primarily her reaching out to him about martial arts classes he taught on base. He testified that when she did send him text messages of a personal nature he told her to stop. Additionally, the defense presented witnesses who testified that they found LCpl AC to be an untruthful person and that she had a reputation for being untruthful. The defense also cross-examined LCpl AC about distinguishing characteristics of the appellant's physical appearance such as his tattoos, scars, etc., and argued her inaccurate recollection in this regard undercut her testimony that she engaged in sexual relations with the appellant. The thrust of the defense theory was that LCpl AC fabricated the allegations against the appellant and the other staff sergeants in order to gain sympathy from her command so she could remain in the Marine Corps.

## Discussion

### *Legal and Factual Sufficiency*

In accordance with Article 66(c), UCMJ, this court reviews issues of legal and factual sufficiency *de novo*. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt." *United States v. Dobson*, 63 M.J. 1, 21 (C.A.A.F. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When testing for legal sufficiency, this court must

draw every reasonable inference from the record in favor of the prosecution. *United States v. McGinty,* 38 M.J. 131, 132 (C.M.A. 1993); *United States v. Blocker,* 32 M.J. 281, 284 (C.M.A. 1991).

The test for factual sufficiency "is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of [this court] are themselves convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)

While we find the evidence legally and factually sufficient to support the appellant's convictions for fraternization and adultery, we are unconvinced of the factual sufficiency of the appellant's conspiracy conviction. The elements of the appellant's conspiracy charge are: (1) That on or about 29 February 2012 to on or about 22 March 2012, the accused entered into an agreement with SSgt CW, SSgt TJ, SSgt LS, and SSgt TW to commit fraternization, an offense under the Uniform Code of Military Justice; and (2) That, while the agreement continued to exist, and while the appellant remained a party to the agreement, the appellant, performed one or more of the overt acts alleged, that is, the appellant engaged in sexual intercourse and oral sodomy with LCpl AC; the appellant contacted LCpl AC about non-work related subjects; and the appellant sent text messages to LCpl AC about non-work related subjects, for the purpose of bringing about the object of the agreement.

Although the evidence at trial showed that the appellant committed the overt acts alleged and there was circumstantial evidence that the appellant expressed an interest in fraternizing with LCpl AC prior to their interactions, we find that the evidence is insufficient to prove beyond a reasonable doubt that a prior agreement existed between the appellant and the named co-conspirators to commit the criminal offense alleged. Therefore the Charge and its specification must fall. Art. 66, UCMJ.

## Conclusion

We set aside the guilty finding to Charge I and its sole specification and dismiss Charge 1 and its specification. We next determine whether we can reassess the sentence in accordance with the principles set forth in *United States v. Moffeit,* 63 M.J. 40 (C.A.A.F. 2006), *United States v. Cook,* 48 M.J. 434 (C.A.A.F. 1998), and *United States v. Sales,* 22 M.J.

4

305 (C.M.A. 1986).  We are satisfied that the sentencing landscape in this case has not changed dramatically as a result of our decision to set aside the findings of guilty to the conspiracy charge.  *See United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006).  We conclude that the adjudged sentence for the remaining offenses would have been at least the same as that adjudged by the military judge and approved by the convening authority.  Accordingly, we affirm the remaining findings and the sentence as approved by the convening authority.

For the Court

R.H. TROIDL
Clerk of Court