**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Master Sergeant MICHAEL S. INGRAM**
**United States Air Force**

**ACM 38849**

**8 November 2016**

Sentence adjudged 1 April 2015 by GCM convened at Royal Air Force Mildenhall, United Kingdom.  Military Judge:  Christopher F. Leavey (sitting alone).

Approved sentence:  Dishonorable discharge, confinement for 12 years, and reduction to E-1.

Appellate Counsel for Appellant:  Major Lauren A. Shure

Appellate Counsel for the United States:  Major Collin F. Delaney; Major Jeremy D. Gehman; Captain Tyler B. Musselman; Gerald R. Bruce, Esquire

Before

J. BROWN, SANTORO, and MINK
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting alone as a general court-martial convicted Appellant, contrary to his pleas, of penetrating his 12-year old daughter's vulva with his finger, placing his hand on her genitalia, causing her to touch his penis with her hand, and endangering her welfare by providing her mixed drinks and alcohol, in violation of Articles

120b and 134, UCMJ, 10 U.S.C. §§ 920b, 934. The adjudged and approved sentence was a dishonorable discharge, confinement for 12 years, and reduction to E-1.[1]

Appellant argues that the evidence is legally and factually insufficient to support his convictions. We disagree and affirm.

*Background*

Appellant's daughter, TI, testified that Appellant molested her on two occasions in 2014. Appellant's wife (TI's mother) was in the United States attending to other family business, leaving Appellant and TI alone in their home near RAF Mildenhall, United Kingdom.

In the first incident, TI was having an online conversation with a friend. Appellant returned home from a local bar and asked TI to leave the computer and "cuddle" with him on the couch. She agreed. Appellant rubbed her back and gradually worked his way toward her vagina, which he "cupped" and "rubbed." TI testified that this occurred for several minutes. Although she did not immediately report the incident, she later told investigators that the touching occurred the day before Appellant bought her a video game.

The second incident occurred approximately three weeks later. TI testified that Appellant returned home from a store with beer and milk. He took a Coca-Cola glass and mixed the milk with vodka and another liquid from a brown bottle. Appellant told TI to drink it, which she did. He made her a second drink, which she only partially consumed, and he then gave her four shots of alcohol from a small "wine glass." TI became dizzy and nauseated and went upstairs to the bathroom. She vomited and began to draw water for a bath but was so unsteady that she could not get into the bathtub. Instead, she went to her bedroom and lay on the bed. She woke up to find Appellant also on her bed, moving his hand under her underwear, rubbing her vaginal area, and inserting his finger into her vagina. He also placed her hand on his penis.

When Appellant left the bedroom shortly thereafter, TI went online and contacted "ChildLine," a local counseling service. TI made an initial, partial disclosure to ChildLine about what had occurred. ChildLine called police. Responding officers spoke with TI, seized evidence from the residence, and apprehended Appellant. Appellant subsequently gave a statement in which he said he and TI had been watching a movie together before she became "unwell."

Additional facts necessary to resolve the assignments of error are included below.

---

[1] The reduction to E-1 was deferred until the convening authority took action. Mandatory forfeitures were waived, and the mandatory forfeiture of pay and allowances were directed to be paid to Appellant's spouse for her benefit and the benefit of her two dependent children.

*Factual and Legal Sufficiency*

Appellant argues that the evidence is factually and legally insufficient to support the findings of guilty. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001); *see also United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of [Appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. The term reasonable doubt, however, does not mean that the evidence must be free from conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Appellant's attack on the sufficiency of the evidence is a restatement of his closing argument and clemency request: the complaining witness is not worthy of belief and/or her testimony is not corroborated.

If believed, the victim's testimony established all of the elements of all of the offenses of which Appellant was convicted. Although prior to trial the victim made differing statements about what happened, we cannot say that when viewing the evidence in the light most favorable to the prosecution a reasonable fact-finder could not credit the victim's in-court testimony. We, therefore, conclude that the evidence is legally sufficient to support Appellant's convictions.

To corroborate TI's testimony with respect to the first incident, the government introduced a copy of the Army and Air Force Exchange Service (AAFES) purchase receipt for the video game Appellant bought for TI. There was also evidence that TI had disclosed Appellant's conduct to one of her friends more than two weeks before the second incident and before her report to law enforcement.

With respect to the second incident, the government introduced testimony from the responding police constable that she found a Coca-Cola glass and a wine glass in the residence. She also located bottles of vodka and Kahlua in the freezer. There was standing water in the bathtub and debris on the floor of the bathroom. Police also seized a pair of TI's panties which were later tested and found to have male DNA in the inside crotch area, although testing could neither include nor exclude Appellant as the source of that DNA.

The evidence is not without conflict. For example, TI's statements to friends and authorities about Appellant's conduct were not always consistent. Although TI said that she became intoxicated during the second incident, the first police officer to encounter her shortly after the incident did not detect any signs of intoxication. TI made other inconsistent statements including the types of alcohol Appellant gave her, her father's checking on her while she was in the bathroom, and her knowledge of the ChildLine service.

The outcome of this case turns significantly, if not entirely, on an assessment of the victim's credibility. Although we recognize our authority to find the victim not credible based simply on a cold reading of the record, the trial court was in a better position to make that assessment. *Washington*, 57 M.J. at 399. We agree with our Army colleagues who have noted that "the degree to which we 'recognize' or give deference to the trial court's ability to see and hear the witnesses will often depend on the degree to which the credibility of the witness is at issue." *United States v. Davis*, 75 M.J. 537, 546 (Army Ct. Crim. App. 2015) (en banc).

We have reviewed the evidence offered at trial, paying particular attention to the inconsistencies Appellant noted. None of the inconsistencies, either standing alone or taken together, causes us to believe that the victim's in-court testimony was not credible. Giving appropriate deference to the trial court's ability to see and hear the witnesses, and after our own independent review of the record, we are ourselves convinced of Appellant's guilt beyond a reasonable doubt.

*Conclusion*

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of Court

ACM 38849