# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32351**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dustin C. BERRY**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 February 2017

————————————

*Military Judge:* Joshua E. Kastenberg.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, forfeiture of $700 pay per month for 6 months, reduction to E-1, and a reprimand. Sentence adjudged 10 July 2015 by SpCM convened at F. E. Warren Air Force Base, Wyoming.

*For Appellant:* Major Lauren A. Shure, USAF.

*For Appellee:* Lieutenant Colonel Roberto Ramírez, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and SANTORO, *Appellate Military Judges*

Judge SANTORO delivered the opinion of the Court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SANTORO, Judge:

A military judge sitting as a special court-martial convicted Appellant, contrary to his plea, of attempting to record the private areas of a fellow Airman

with his cellular telephone in violation of Article 80, UCMJ, 10 U.S.C. § 880.[1] The adjudged and approved sentence was a bad-conduct discharge, confinement for 45 days, forfeiture of $700 pay per month for 6 months, reduction to E-1, and a reprimand.

Appellant submits two assignments of error for our consideration, both pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). First, he argues that the Government failed to offer sufficient evidence to corroborate his confession. Second, he argues that the evidence is factually and legally insufficient to support his conviction. We disagree and affirm.

## I. BACKGROUND

The victim, Airman First Class (A1C) NMP, and Appellant were both missile security forces personnel assigned to missile alert facility (MAF) duties. While on shift, they and six to eight other Airmen worked 12 hours on, 12 hours off, for a four-day period, monitoring alarms and providing other security support to the missile launch facilities within their area of operations.

The MAF relevant to this case contained a common room and dormitory-style bedrooms. The victim and Staff Sergeant (SSgt) CG were the only two women working that particular shift and were assigned as roommates. The room to which the victim and SSgt CG were assigned had an adjoining bathroom for their exclusive use.

On the date of the offense, the victim's shift was nearing its end. She went to her room, disrobed, went into the bathroom to shower, and returned to her room wearing only a towel. She removed her towel and was nude for several minutes as she dressed. During that time, she heard a cellular telephone ring with a country-music style ringtone.

The victim initially did not think much of it but became more suspicious when the phone rang a second time. She investigated and found a cellular telephone facing her and propped up on SSgt CG's bed. The victim finished dressing, went to the common area, and told SSgt CG that her phone was ringing. SSgt CG told the victim that her phone was not in the room and both women returned to their room. By the time they got back to their room, the phone that had been on SSgt CG's bed was gone.

---

[1] Appellant was acquitted of willful dereliction of duty in violation of Article 92, UCMJ, 10 U.S.C. § 892, and the greater offense of creating a recording of his victim in violation of Article 120c, UCMJ, 10 U.S.C. §920c. The court-martial order erroneously states that Appellant was found guilty of the dereliction charge. We order promulgation of a corrected court-martial order.

The victim and SSgt CG returned to the common area. The victim worked her way around the MAF observing the other Airmen's cellular phones. She identified Appellant's as the phone that was in her room while she changed.

Appellant was interviewed as part of the ensuing investigation. He admitted that he entered the victim's bedroom and set his telephone up to record her as she came out of her shower. He also admitted that he did so hoping to record her naked. He told investigators, however, that he felt guilty and deleted the video before watching it. Although a forensic examination of Appellant's cell phone was unable to locate any evidence of a recording, an investigator testified that it was possible a recording had, in fact, been made.

## II. DISCUSSION

### A. Corroboration of Appellant's Confession

Appellant moved to suppress his confession, arguing that the Government lacked independent evidence to corroborate its essential elements. *See United States v. Adams*, 74 M.J. 137 (C.A.A.F. 2015).[2] The military judge agreed that there was insufficient independent evidence to corroborate that a recording had actually been made. However, he found that the Government did have sufficient evidence to corroborate that portion of Appellant's confession that amounted to an attempt to make a recording. The military judge thereafter admitted the corroborated portions of the confession, but only with respect to establishing the elements of the lesser-included offense of attempt under Article 80, UCMJ, 10 U.S.C. § 880.

Before us, Appellant argues that his confession was erroneously admitted because there was no independent evidence that he intended to film the victim naked. We review the military judge's decision to admit that portion of the confession for an abuse of discretion. *Adams*, 74 M.J. at 139.

The military judge did not abuse his discretion. The prosecution introduced evidence that the incident occurred at shift change, a time when Airmen assigned to the MAF changed into or out of their uniforms. The victim testified

---

[2] After Appellant's trial, Executive Order 13,730 amended Mil. R. Evid. 304(c) to remove the individual corroboration requirement for "essential facts" and instead require corroboration only for the confession or admission as a whole. Exec. Order 13,730, 81 Fed. Reg. 33,350-51 (26 May 2016). For example, Mil. R. Evid. 304(c)(2) currently reads in part: "Not every element or fact contained in the confession or admission must be independently proven for the confession or admission to be admitted into evidence in its entirety." *Id*. at 33,350. Thus the analysis of the prior version of Mil. R. Evid. 304(c) in *United States v. Adams*, 74 M.J. 137 (C.A.A.F. 2015), while appropriately guiding the military judge's ruling in Appellant's trial, has been rendered moot for current trial practice.

that the cellular phone was pointed at her bed and partially concealed by clothes. Both the victim and SSgt CG testified that the phone was no longer in their room when they returned to it. That circumstantial evidence amply supports a conclusion that whoever put the phone in the victim's room did so to record an occupant of that room changing clothes, and specifically wanted to record the victim because the phone was pointed at her bed.

## B. Legal and Factual Sufficiency

Appellant next argues that the evidence is both legally and factually insufficient to sustain his conviction. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001); *see also United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of [Appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. The term reasonable doubt, however, does not mean that the evidence must be free from conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

While the prosecution's case (aside from Appellant's confession) was largely circumstantial, it was powerful. The victim's description of the phone's location in her bedroom was strong evidence that whoever placed the phone in her room did so to record her as she dressed. The victim also conclusively identified the telephone she saw in her room as Appellant's after she observed the phones of the other Airmen in the missile alert facility. Although neither the victim nor any other witness saw Appellant place the phone in the victim's room, there was also no evidence that Appellant ever lost control of his phone, that another Airman had taken his phone from him, or that anyone other than Appellant

reasonably could have placed the phone in the victim's room. Appellant's confession, the reliability of which we have no reason to question, eliminates any doubt that Appellant committed the offense of which he was convicted.

Considering the evidence in the light most favorable to the prosecution, we find the evidence legally sufficient to support his conviction for attempting to record the victim's private areas, without her consent, under circumstances in which she had a reasonable expectation of privacy. Moreover, after making allowances for not having personally observed the witnesses and paying particular attention to the matters raised by Appellant, we are, ourselves, convinced of his guilt beyond a reasonable doubt.

## III. CONCLUSION

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court